# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**PRESTON VICK VANCE, JR.**  **PLAINTIFF**
**ADC #171953**

v.  No: 3:23-cv-00129-BSM-PSH

**PATRICK McCOWN**  **DEFENDANT**

## ORDER

Plaintiff Preston Vick Vance, Jr., an inmate at the Arkansas Division of Correction's North Central Unit, filed this *pro se* 42 U.S.C. § 1983 action on May 22, 2023 (Doc. No. 2). Vance's application to proceed *in forma pauperis* was subsequently granted (Doc. No. 3), and Vance filed an amended complaint (Doc. No. 4). Service was then ordered on defendant Patrick McCown (Doc. No. 5).

McCown moves to dismiss Vance's claims against him for failure to state a claim upon which relief may be granted. Doc. Nos. 11-12. McCown argues that Vance's complaint is subject to dismissal because he has not alleged sufficient facts to show that McCown knew and disregarded a substantial risk of serious harm to Vance and because Vance did not in fact suffer any physical injury. McCown also asserts that Vance's official capacity claims for money damages are barred by sovereign immunity. Vance filed a response to McCown's motion (Doc. No. 16), and also moved to amend his complaint (Doc. Nos. 14-15) to include additional

allegations. He also abandoned his official capacity claims against McCown in this amended complaint. *See* Doc. No. 15 at 2.

Pursuant to Federal Rule of Civil Procedure 15(a), once an answer or responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, the Court may "properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Kozohorsky v. Harmon,* 332 F.3d 1141, 1144 (8th Cir.2003)).

The allegations in Vance's proposed amended complaint are of the same nature as those in his existing amended complaint (Doc. No. 4), and serve to clarify his claims. McCown has not responded to Vance's motion to amend and alleged any prejudice. Further, the Court does not find Vance's proposed amended complaint to be futile. Vance alleges that he was threatened with serious physical harm from another inmate, and that McCown was aware of those threats but failed to take corrective action. Vance's allegations may state an Eighth Amendment claim even if he alleges no physical injury. In *Farmer v. Brennan,* 511 U.S. 825, 845 (1994) the Supreme Court explained that a prisoner may face unconstitutionally

unsafe conditions even if he has not yet experienced physical harm. There, the Court stated:

> a subjective approach to deliberate indifference does not require a prisoner seeking "a remedy for unsafe conditions [to] await a tragic event [such as an] actua[l] assaul[t] before obtaining relief." *Helling,* [*v. McKinney*, 509 U.S. 25]*,* at 33–34, 113 S.Ct., at 2481.

Additionally, even if Vance is not entitled to compensatory damages because he suffered no physical injury,[1] he may still be entitled to nominal or punitive damages. *See Royal v. Kautzky,* 375 F.3d 720, 723 (8th Cir. 2004) (holding that nominal damages, punitive damages, and injunctive and declaratory relief are available to a prisoner who does not allege physical injury).

For these reasons, Vance's motions are GRANTED. The Clerk of Court is directed to file Vance's proposed amended complaint (Doc. No. 15) as his Second Amended Complaint. McCown shall have 21 days to amend or substitute his motion to dismiss, or otherwise respond to Vance's Second Amended Complaint.[2]

IT IS SO ORDERED this 28th day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . .").

[2] *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (stating that an amended complaint renders moot a motion to dismiss original complaint).